FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 14 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SERGIO RAFAEL HERNANDEZ,

Defendant.

13-CR-624

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 20, 2013, Sergio Rafael Hernandez pled guilty to a lesser-included offense in Count One of a three-count indictment which charged that he, together with others, conspired to import cocaine into the United States. *See* 21 U.S.C. §§ 846 and 841(b)(1)(C). The two remaining counts on the indictment have been dismissed.

Defendant arrived in New York on a commercial flight from Santiago, Dominican Republic on October 4, 2013. Following identification by two co-conspirators, Homeland Security Investigations (HSI) agents arrested him for his role in the conspiracy. The defendant recruited the two co-conspirators as drug couriers, provided them with money to purchase their plane tickets, assisted the second co-conspirator in obtaining a passport, and delivered $1000 to each for their participation. The HSI agents concluded that the defendant was responsible for the entire quantity of cocaine transported by the two aforementioned co-conspirators due to his involvement in the conspiracy.

Hernandez was sentenced on June 12, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is twenty-seven and defendant's criminal history is category I. The Guidelines range of imprisonment is between fifty-seven and seventy-one months. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 2D1.1(c)(5) (Nov. 2013). Calculation of the total offense level included a three-point adjustment for defendant's acceptance of responsibility. *See id.*, § 3E1.1(a),(b). Defendant's offense level was reduced an additional two points under the new Sentencing Guidelines drug table that becomes effective in November 2014; defendant

agreed to forgo a motion under 18 U.S.C. § 3582(c). *See* Def.'s Sentencing Mem., June 5, 2014, ECF No. 22.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. §§ 846, 841(b)(1)(C). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2013).

Hernandez was sentenced to time served of nine month and three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Hernandez, now twenty-three years old, grew up surrounded by poverty, drug addiction, alcoholism, and violence. He spent much of his childhood living in homeless shelters and section 8 housing with his mother and sisters. His mother suffers from depression and drug and alcohol addiction; at times she would prostitute herself at home, in front of the defendant and his sisters, to support her cocaine habit. Hernandez would often go to school hungry and unclean. He repeated grade nine three times and dropped out of school in grade ten to work. He had

virtually no relationship with his father, who lives in the Dominican Republic, until he was an adult.

Hernandez has held numerous jobs at supermarkets and at a clothing store. He has a prior conviction for driving under the influence of alcohol, but has no prior convictions for narcotics trafficking. He has tried, unsuccessfully, several times to earn his GED. While detained at the Brooklyn MDC, he has renewed studying for the GED.

The defendant has a large, close-knit family who has shown significant support since his arrest. At the sentencing hearing his younger sister spoke about their difficult childhood, her brother's potential to lead a lawful life, and her desire to help him succeed. She has received a GED and is a medical assistant, while also going to college to become a physician's assistant.

Under 18 U.S.C. § 3553(a)(2)(B), a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved through the time he served in jail and the impact of this conviction on his employability. It is unlikely that he will engage in further criminal activity in light of close supervision by probation, his family support, and the court's requirement that he pursue his GED and stable employment.

SO ORDERED.

/s/ Jack Weinstein

Jack B. Weinstein
Senior United States District Judge

Dated: June 26, 2014
Brooklyn, New York